UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA, )
        Plaintiff, )
        v. ) CAUSE NO. 1:21-cr-121-JRS-DML
DALTON KURTZ, )
        Defendant. )

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by and through the undersigned counsel, Greg Friel, Acting Assistant Attorney General, United States Department of Justice, Civil Rights Division; Josh J. Minkler, United States Attorney for the Southern District of Indiana; Mary J. Hahn and Katherine G. DeVar, Trial Attorneys, Civil Rights Division, Criminal Section; and Nicholas J. Linder, Assistant United States Attorney; and the Defendant, DALTON KURTZ, in person and by counsel, Adam Henry, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### GUILTY PLEA AND CHARGE

1. **Plea of Guilty to the Information:** The Defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter, and agrees to enter, a plea of guilty to the Information, which charges the Defendant with Misprision of Felony, in violation of 18 U.S.C. § 4.

2. **Potential Maximum Penalties:** The Defendant understands and agrees that the offense to which he is pleading guilty, as charged in the Information, carries the following maximum penalties: up to three (3) years of imprisonment; a $250,000 fine; and one (1) year of supervised release following the term of imprisonment.

3. **Elements of the Offense:** Title 18, United States Code, Section 4, makes it a crime for anyone to conceal from the authorities the fact that a federal felony has been committed. A violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, that results in bodily injury and/or involves the use of a dangerous weapon is a federal felony. To sustain a conviction for the offense to which the Defendant is pleading guilty, as charged in the Information, the Government must establish each of the following elements beyond a reasonable doubt:

> FIRST: That a federal felony was committed, in this case Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. To prove a felony violation of Deprivation of Rights Under Color of Law, the government must prove that an officer, acting under color of law, willfully deprived a person of his rights under the U.S. Constitution or Federal law (here, the right under the Fourth Amendment to be free from unreasonable seizures, which includes a law enforcement officer's use of unreasonable force during an arrest), and that the offense resulted in bodily injury or involved the use of a dangerous weapon;
>
> SECOND: That the defendant had knowledge of the commission of the felony;
>
> THIRD: That the defendant failed to notify an authority under the United States as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury or FBI agent; and
>
> FOURTH: That the defendant committed an affirmative act to conceal the crime.

## GENERAL PROVISIONS

4. **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) the final determination concerning the applicable advisory guideline

2

calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; (G) once he pleads "Guilty," the Court may impose the same punishment as if the Defendant had pleaded "Not Guilty," had stood trial, and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **No Limitation on Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

7. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant for the conduct described in the Information based on information currently known to the Criminal Section of the Civil Rights Division and United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

8. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the Government at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

9. **Good Behavior Requirement:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws. Additionally, the Defendant agrees to fully comply with all conditions of release during any and all stages of this case, should such conditions be imposed by the Court. If the Defendant violates any state or federal law, or fails to fully comply with conditions of release, then the Government may at its sole discretion withdraw from this Plea Agreement.

10. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that he has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees him the right to be

considered for release until trial[1]; and if he is found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## SENTENCE OF IMPRISONMENT

11. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

    a. **Government's Recommendation:** The Government has agreed to recommend a term of imprisonment within the applicable advisory Guidelines range, as calculated by the Court, *provided that* the Defendant (a) continues to fully accept responsibility for the offense and does not falsely deny or frivolously contest relevant conduct that the Court determines to be true, (b) does not commit a new criminal offense before the date of sentencing, and (c) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

    b. **Defendant's Recommendation:** The Defendant is free to ask for any sentence, including one below the advisory Guidelines range.

12. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

---

[1] Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

5

## MONETARY PROVISIONS AND FORFEITURE

13. **Mandatory Special Assessment:** The Defendant will pay a total of $100 on or before the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

14. **Fine:** The Government agrees not to request the imposition of a fine. Notwithstanding the Government's position, the Defendant understands that whether a fine is to be imposed, and the amount and payment terms of any such fine, shall be determined by the Court.

15. **Restitution:** The Defendant acknowledges restitution may be ordered as part of the sentence in this case.

16. **Obligation to Pay Financial Component of Sentence:** If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The Defendant has a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## FACTUAL BASIS FOR GUILTY PLEA

17. **Stipulated Factual Basis:** The parties stipulate and agree that the following facts are true and that United States could prove the following facts to a jury beyond a reasonable doubt if the case went to trial. The parties further stipulate and agree that such facts establish a sufficient factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph One, above. The parties acknowledge that such facts are only a partial summary of the Government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

   a. On or about June 5, 2018, the Defendant, a police officer with the Muncie Police Department (MPD), responded to a call involving three juveniles who had fled from officers after crashing a vehicle into a building. The Defendant and another MPD officer, Officer Chase Winkle, chased after one of the juveniles, N.B., on foot. The Defendant saw N.B. lying face down in a yard, with his arms extended in front of him in a submissive posture. The Defendant alerted Officer Winkle, who was nearby, that he had located N.B., and gave loud verbal commands for N.B. to show his hands, which N.B. did. N.B.'s arms were outstretched in front of his body, with his hands open and clearly visible. The Defendant approached N.B. with his weapon drawn and his flashlight fully illuminating N.B., who remained compliant. In response to the Defendant's continued verbal commands, N.B. further extended his arms in front of his body and held both hands open and visible.

   b. While N.B. was lying face down on the ground with his hands visible and outstretched in front of him, Officer Winkle ran toward N.B. and kicked N.B. in the head without legal justification. Officer Winkle was wearing shoes or boots when he kicked N.B. in the head, and Officer Winkle's kick caused N.B. bodily injury.

7

c. Officer Winkle then got down on the ground next to N.B. and delivered at least two closed-fist (or "hammer-fist") strikes to the back or side of N.B.'s head, and at least two open hand strikes to the side of N.B.'s face, all without legal justification. Officer Winkle's strikes caused N.B. bodily injury.

d. The Defendant knew when he saw Officer Winkle kick and strike N.B. that Winkle's kick and hand strikes were unreasonable and excessive under the circumstances, and that these actions constituted a federal felony.

e. The Defendant also delivered several hand-strikes to N.B.'s shoulder area while N.B. was on the ground.

f. The Defendant did not report to any judge, agent, or other person in civil or military authority under the United States that Officer Winkle used unreasonable and excessive force against N.B. Instead, the Defendant concealed Officer Winkle's use of unreasonable and excessive force on N.B. by writing a false report, dated June 5, 2018, for MPD's official records. The Defendant's false report asserted that when he and Officer Winkle located N.B., N.B.'s hands were under his body, and that despite loud verbal commands from the officers, N.B. refused to show officers his hands. In fact, as the Defendant well knew, (1) N.B. complied with verbal commands to show officers his hands; (2) N.B.'s hands were visible and outstretched in front of his body when Officer Winkle kicked him in the head; and (3) there was no legal justification for Officer Winkle's kick or hand strikes. The Defendant also knowingly omitted from his report the material fact that Officer Winkle kicked N.B. in the head.

g. Before the Defendant wrote his report, Officer Winkle told the Defendant to write that N.B. refused to show officers his hands. The Defendant knew this statement to be false but included it in his report to ensure that his report would not contradict Winkle's report.

8

## SENTENCING GUIDELINE STIPULATIONS

18. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

19. **Offense Level for Misprision of a Felony:** The parties stipulate that the offense level is governed by U.S.S.G. § 2X4.1, which provides that the offense level is nine (9) levels below the offense level for the underlying offense. Based on the stipulations in ¶¶ 20-23, below, the underlying offense level is 27. Therefore, pursuant to U.S.S.G. § 2X4.1, the adjusted offense level is 18, before any reduction for acceptance of responsibility.

20. **Base Offense Level for Underlying Offense – Civil Rights Offense, with a Cross Reference to Aggravated Assault.** The parties stipulate that the underlying offense is a civil rights offense. Pursuant to U.S.S.G. 2H1.1, the civil rights offense has an underlying offense of aggravated assault, which is governed by U.S.S.G. § 2A2.2(a). Accordingly, pursuant to U.S.S.G. § 2A2.2(a), the base offense level is 14.

21. **Specific Offense Characteristic – Use of a Dangerous Weapon:** The parties stipulate that the underlying criminal conduct involved the use of a dangerous weapon, i.e., shod foot. Accordingly, the offense level is increased by 4 levels, pursuant U.S.S.G. § 2A2.2(b)(3)(B).

22. **Specific Offense Characteristic – Bodily Injury:** The parties stipulate that the offense level resulted in bodily injury to N.B. Thus, the offense level is increased by 3 levels, pursuant U.S.S.G. § 2A2.2(b)(3)(B).

9

23. **Specific Offense Characteristic – Committed Under Color of Law:** The parties stipulate that the underlying offense was committed by an officer acting under color of law, and that the offense level is increased by 6 levels, pursuant U.S.S.G. § 2H1.1(b)(1).

24. **Acceptance of Responsibility:**

   a. To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a two (2) level reduction *provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing, including that the Defendant shall not falsely deny or frivolously contest relevant conduct that the Court determines to be true.

   b. Further, if the offense level determined prior to the two-level decrease described above in ¶ 29(a) is 16 or greater, and the Defendant continues to show an acceptance of responsibility, the Government will file at sentencing a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one (1) additional level based on the Defendant's timely notice of his intent to plead guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

25. **Final Offense Level:** The parties stipulate that the final offense level, after the 3-level reduction for acceptance of responsibility, is 15.

## WAIVER OF CERTAIN RIGHTS

26. **Waiver of Rights under Fed. R. Evid. 410(a) and Fed. R. Crim. P. 11(f):** The Defendant, upon signing this plea agreement, knowingly, voluntarily, and expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure. The Defendant understands and agrees that in the event that he violates the plea agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries, such as those set forth in Paragraph 17 of this Plea Agreement), shall be admissible for all purposes against the Defendant in any and all future criminal proceedings. The Defendant waives all claims under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the Defendant's statements pursuant to this Plea Agreement, or any leads derived from such statements, should be suppressed or are inadmissible.

27. **Waiver of Attorney's Fees/Litigation Expenses.** The Defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and the Defendant waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A.

## WAIVER OF RIGHT TO APPEAL

28. **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any restitution or fine.

29. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

   a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

   b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines

amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c. **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the Defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the Defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The Government further reserves the right to oppose any motion for compassionate release on any other grounds.

30. **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

## PRESENTENCE INVESTIGATION REPORT

31. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

32. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## STATEMENT OF THE DEFENDANT

33. By signing this document, the Defendant acknowledges the following:

   a. I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

   b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

   c. I have read the entire Plea Agreement and discussed it with my attorney.

   d. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

   e. Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

14

f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

i. I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l. If this matter is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or

15

rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## CERTIFICATE OF COUNSEL

34. By signing this document, the counsel for the Defendant certifies as follows:

a. I have read and fully explained to the Defendant all the accusations against him which are set forth in the Information in this case;

b. To the best of my knowledge and belief, each statement set forth in the foregoing Petition to Enter Plea of Guilty and Plea Agreement is in all respects accurate and true;

c. The Defendant's plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant; and I concur in the Defendant pleading "Guilty," as set forth in this Petition to Enter Plea of Guilty and Plea Agreement;

d. In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e. In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

**FINAL PROVISION**

35. **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document and the addendum to this document, to induce the Defendant to plead guilty. This document and the addendum constitute the complete and only Plea Agreement between the Defendant, the United States Attorney for the Southern District of Indiana, and the Civil Rights Division and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

4/1/2021
DATE

Mary J. Hahn
Katherine G. DeVar
Trial Attorneys

JOHN E. CHILDRESS
Acting United States Attorney
Southern District of Indiana

4/2/21
DATE

Nicholas J. Linder
Assistant United States Attorney

04/02/2021
DATE

Steven D. DeBrota
Deputy Chief

03/24/21
DATE

DALTON KURTZ
Defendant

03/25/2021
DATE

Adam Henry
Attorney for the Defendant

17